UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

MARTEZE HALIBURTON,

        Plaintiff,

  v.

CITY OF FERNDALE, a Michigan Municipal Corporation, d/b/a FERNDALE POLICE DEPARTMENT, BRANDON SZCZESNIAK, JUSTIN HARWOOD, KEVIN JEROME, and NATHAN BODENDORFER, in their individual and official capacities,

        Defendants.

Case No.
Hon.

_____/

JOEL B. SKLAR (P38338)
Attorney for Plaintiff
500 Griswold, Suite 2450
Detroit, MI 48226
313-963-4529
joel@joelbsklarlaw.com

PERKINS LAW GROUP, PLLC
TODD RUSSELL PERKINS (P55623)
STEPHEN J. CHACKO (P78210)
Attorneys for Plaintiff
615 Griswold, Suite 400
Detroit, MI 48226
313-964-1702
tperkins@perkinslawgroup.com
_____/

**COMPLAINT AND JURY DEMAND**

Plaintiff, Marteze Haliburton, by and through his attorneys, Joel B. Sklar and Todd Perkins, files this Complaint and Jury Demand and states the following:

## JURISDICTION

1. This lawsuit arises out of the wrongful search, arrest and detention of Plaintiff Marteze Haliburton on May 1, 2019 by Defendant City of Ferndale Officers Brandon Szczeskiak, Justin Harwood, Kevin Jerome, and Nathan Bodendorfer in relation to an unlawful public cavity search conducted by Defendant Jerome of Mr. Haliburton, a young black male, who was a passenger in a vehicle stopped by Defendants. Defendant officers lacked any legal justification or excuse to conduct a cavity search in public while Plaintiff was in handcuffs and easily transportable to the Ferndale Police Station where a warrant could be obtained to conduct the cavity search in a private or more appropriate setting, as the Constitution required. As a result of the unlawful cavity search, Plaintiff was arrested, detained, and charged with various crimes. All charges were later dismissed when the State district court granted Plaintiff's motion to suppress because the Defendant officers violated Plaintiff's clearly established *Fourth* and *Fourteenth Amendment* rights, among other things. The individual and collective actions by the Defendants were intentional, patently unreasonable, unconstitutional and in furtherance of an unconstitutional policy or custom of overstepping and ignoring citizens' constitutional guarantees and/or harassing, targeting, stereotyping, prejudging, demeaning, humiliating, and discriminating against

Plaintiff and other minorities simply because of their race and adopted and/or tolerated the City of Ferndale d/b/a Ferndale Police Department. At all times, Plaintiff's constitutional rights were clearly established and known by the individual Defendant to be so. The individual Defendants, therefore, are not entitled to qualified or other immunity provided by law.

2. The claims made by Plaintiff are filed pursuant to *42 USC § 1983* to vindicate Plaintiff's *Fourth* and *Fourteenth Amendment* guarantees.

3. This Court has original jurisdiction over these claims pursuant to *28 USC § 1331*.

4. Plaintiff, Marteze Haliburton, is an individual who resides within this District.

5. Defendant City of Ferndale is a municipal corporation which operates and does business as the Ferndale Police Department (FPD) which is located within this District.

6. Defendant Brandon Szczeskniak is an officer for FPD and resides and/or transacts business within this District.

7. Defendant Justin Harwood is an officer for the FPD who resides and/or transacts business within this District.

8. Defendant Kevin Jerome is an officer for the FPD who resides and/or transacts business within this District.

3

9. Nathan Bodendorfer is an officer for the FDD who resides and/or transacts business within this District.

10. The individual Defendants were acting at all times under color of law and are being sued in their individual capacities.

11. The individual Defendants are not entitled to qualified or any other immunity because they knowingly and intentionally violated Plaintiff's clearly established *Fourth* and *Fourteenth Amendment* rights to which any reasonable officer would have known.

12. Jurisdiction is proper pursuant to 28 USC §§1343(a)(3) and 1331 and 42 USC §1983.

13. Venue is proper in this Court pursuant to 28 USC §1391(a)(1) and (2) since the events giving rise to this claim all occurred in Oakland County, Michigan which is within this District.

## FACTS

14. Plaintiff restates the above allegations word for word and paragraph for paragraph.

15. On or about May 1, 2019, at about 7:45 p.m., Plaintiff, an African-American citizen, was a front seat passenger in a KIA Sorrento (the "KIA") driven by a friend, Deon Frazier, who is also African-American.

16. On or about May 1, 2019, at about 8:00 p.m. Defendant Jerome, a white FPD officer, effectuated a traffic stop of the KIA.

4

17. The KIA came to a stop at a well-lit Meijer gas station located at 8-Mile Road in the City of Detroit.

18. The location where the Kia was stopped was adjacent to a highly-travelled highway and the Meijer gas station was open with patrons present with a clear view of Plaintiff.

19. Defendant Jerome questioned Plaintiff and Mr. Frazier for several minutes regarding their travel itinerary.

20. Plaintiff and Mr. Frazier cooperated and answered the questions asked by Defendant Jerome.

21. Defendant Jerome searched Mr. Frazier and, when he was done, instructed Mr. Frazier to sit on the KIA's rear bumper.

22. Defendant Jerome then turned his attention to Plaintiff and conducted a search of Plaintiff where Defendant Jerome fondled Plaintiff's crotch.

23. Defendant Jerome than handcuffed Plaintiff and placed him in the rear of his police car.

24. Defendant Jerome called for back-up and at least five uniformed FPD officers in at least three fully marked squad cars arrived at the Meijer gas station.

25. All of the officers who arrived at the Meijer gas station were white.

26. After the officers arrived, Defendant Jerome removed Plaintiff from the back of his police car and led him back to the KIA.

27. Despite the fact that Plaintiff was in custody with his hands cuffed behind his back, surrounded by a number of FPD officers and no threat of flight, fight or destroying evidence, and in full view of gas station patrons and passersby, Defendant Jerome ordered Plaintiff to turn his body toward the KIA, pulled Plaintiff's pants down thereby exposing him, instructed Plaintiff to bend over, and then inserted his finger(s) directly into Plaintiff's rectum ostensibly to search for contraband.

28. Plaintiff was shocked and horrified.

29. Defendant Jerome made no effort to conceal the disrobing of Plaintiff from public view, including the patrons at the Meijer's gas station and passersby.

30. Defendant Jerome then placed Plaintiff under arrest for possession of a controlled substance and transported Plaintiff to the Ferndale Police Department Jail.

31. Plaintiff remained in custody for several days based on the fruits from the unlawful actions of Defendants which violated his *Fourth* and *Fourteenth Amendment* rights.

32. On May 23, 2019, the state district court dismissed all charges against Plaintiff because the search conducted by Defendant Jerome in concert with other Defendants was unlawful.

33. The conduct of the individual Defendants as described in this Complaint, were willful, intentional, reckless, and showed a deliberate indifference and blatant disregard of Plaintiff's federally guaranteed rights as a citizen.

34. Defendant City of Ferndale as a matter of practice, policy and custom has, with deliberate indifference failed to train, sanction or discipline officers, including the Defendant officers in this case, who concealed violations of the constitutional rights of citizens by other police officers, thereby causing and encouraging police officers, including the Defendant police officers in this case, to engage in unlawful and unconstitutional conduct.

## COUNT I

### VIOLATION OF PLAINTIFF'S *FOURTH* AND *FOURTEENTH AMENDMENT* RIGHTS FILED PURSUANT TO 42 U.S.C. § 1983 AND 42 USC § 1985

35. Plaintiff restates and incorporates word for word the prior allegations, as if fully stated herein.

36. The *Fourth Amendment* to the U.S. Constitution guarantees "the right of the people to be secure in their persons, houses, papers, and effects, against unreasonable search and seizures."

37. The *Fourteenth Amendment* guarantees each citizen, no matter their race, due process and equal protection under the law.

38. Defendants detained and searched Plaintiff in violation of his clearly established *Fourth* and *Fourteenth Amendment* rights.

39. Defendant Jerome had no legal basis, justification or excuse to conduct a warrantless cavity search of Plaintiff in public incident to his unlawful arrest.

40. After Plaintiff told Defendant Jerome that his search was illegal and that he had no right to insert his finger(s) "up my butthole" Defendant Jerome manhandled Plaintiff and gratuitously inflicted pain.

42. Defendants' actions were intentional, deliberate, and further showed a reckless disregard and or callous indifference for the constitutional rights of Plaintiff.

43. The individual Defendants conspired to deprive Plaintiff of his constitutional rights in violation of 42 USC § 1985 and/or failed to intervene when Defendant Jerome, in clear view, violated Plaintiff's federally guaranteed rights when Defendant Jerome conducted a public cavity search and used excessive force.

44. Defendant City of Ferndale acquiesced, condoned, approved, and ratified the unconstitutional conduct of the Defendant police officers.

45. Defendant City of Ferndale, by its customs, policies and/or practices, failed to enforce their own rules and regulations pertaining to arrest, custody and detention of Plaintiff in violation of the minimum standards of the law and the Constitution, whereby Plaintiff was deprived of liberty and the right to be free from unreasonable searches and seizures.

46. As a direct and proximate result of Defendants' constitutional violations, Plaintiff suffered both economic and non-economic injuries including, but not limited to, fear, humiliation, indignation, depression, anxiety, emotional distress, loss of the enjoyments of life, legal fees, and other damages that will continue to develop during and after this litigation.

**ACCORDINGLY**, Plaintiff seeks judgment against Defendants, jointly and severally, in excess of the jurisdictional limit of this Court and to which Plaintiff is entitled, plus costs, interest and reasonable attorney fees, together with punitive and other damages provided by 42 USC § 1983 and 42 USC § 1988, law and good conscience including, but not limited to, injunctive relief to prohibit Defendants from engaging in such unlawful behavior.

## COUNT II

### VIOLATION OF PLAINTIFF'S *FOURTEENTH AMENDMENT* EQUAL PROTECTION RIGHTS

47. Plaintiff restates word for word and paragraph for paragraph each of the allegations above.

48. The *Fourteenth Amendment* guarantees all citizens equal protection under the law.

49. One of the motivating factors for Defendants' unconstitutional actions towards Plaintiff was his race in violation of *Equal Protection Clause* contained in the *Fourteenth Amendment*.

50. Had Plaintiff been white, he would not have been treated in the unlawful manner described above.

51. Defendant City of Ferndale acquiesced, condoned, approved, and ratified the unconstitutional conduct of the Defendant police officers.

52. Defendant City of Ferndale, by its customs, policies and/or practices, failed to enforce their own rules and regulations pertaining to arrest, custody and detention of Plaintiff in violation of the minimum standards of the law and the Constitution, whereby Plaintiff was deprived of liberty and the right to be free from unreasonable searches and seizures.

53. As a direct and proximate result of Defendants' constitutional violations, Plaintiff suffered both economic and non-economic injuries including, but not limited to, fear, humiliation, indignation, depression, anxiety, emotional distress, loss of the enjoyments of life, legal fees, and other damages that will continue to develop during and after this litigation.

**ACCORDINGLY**, Plaintiff seeks judgment against Defendants, jointly and severally, in excess of the jurisdictional limit of this Court and to which Plaintiff is entitled, plus costs, interest and reasonable attorney fees, together with punitive and other damages provided by 42 USC § 1983 and 42 USC § 1988, law and good conscience including, but not limited to, injunctive relief to prohibit Defendants from engaging in such unlawful behavior.

                    Respectfully submitted,

                    *s/ Joel B. Sklar*
                    Joel B. Sklar (P38338)
                    500 Griswold, Suite 2450
                    Detroit, MI 48226
                    313-963-4529
                    Attorney for Plaintiff
                    Joel@joelbsklarlaw.com

                    Todd Russell Perkins (P55623)
                    Stephen J. Chacko (P78210)
                    Perkins Law Group, PLLC
                    Attorneys for Plaintiff
                    615 Griswold, Suite 400
                    Detroit, MI 48226
                    313-964-1702
Dated:  April 19, 2021        tperkins@perkinslawgroup.com

## **DEMAND FOR JURY TRIAL**

Plaintiff, MARTEZE HALIBURTON, by and through his attorneys, hereby demands a jury trial in the above captioned matter.

                    Respectfully submitted,

                    *s/ Joel B. Sklar*
                    Joel B. Sklar (P38338)
                    500 Griswold, Suite 2450
                    Detroit, MI 48226
                    313-963-4529
                    Attorney for Plaintiff
                    Joel@joelbsklarlaw.com

|  |  |
|---|---|
|  | Todd Russell Perkins (P55623) |
|  | Stephen J. Chacko (P78210) |
|  | Perkins Law Group, PLLC |
|  | Attorneys for Plaintiff |
|  | 615 Griswold, Suite 400 |
|  | Detroit, MI 48226 |
|  | 313-964-1702 |
| Dated: April 19, 2021 | tperkins@perkinslawgroup.com |