UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

MARTEZE HALIBURTON,

      Plaintiff,

v.

CITY OF FERNDALE, a Michigan
Municipal Corporation, d/b/a FERNDALE
POLICE DEPARTMENT, BRANDON
SZCZESNIAK, JUSTIN HARWOOD,
KEVIN JEROME, and NATHAN
BODENDORFER, in their individual and
official capacities,

      Defendants.

Case No. 2:21-cv-10864
Hon. Terrence G. Berg
Mag. Judge Anthony P. Patti

## DEFENDANTS' MOTION FOR JUDGEMENT ON THE PLEADINGS

Defendants, CITY OF FERNDALE, BRANDON SZCZESNIAK, JUSTIN HARWOOD, KEVIN JEROME, and NATHAN BODENDORFER, by and through their undersigned counsel, SEWARD HENDERSON PLLC, submit the following as their Motion for Judgement on the Pleadings pursuant to Federal Rule of Civil Procedure 12(c). In support, Defendants rely on the attached brief.

Pursuant to Local Rule 7.1, the undersigned counsel certifies that defense counsel communicated in writing with opposing counsel on July 28, 2021, and July 29, 2021, explaining the nature of the relief to be sought by way of this motion, and seeking concurrence in the relief, but concurrence was not obtained.

Respectfully Submitted,

**SEWARD HENDERSON PLLC**
/s/Michelle M. Shango
*Attorneys for Defendants*
210 E. 3rd Street, Suite 212
Royal Oak, MI 48067
P:  248-733-3580
F:  248-733-3633
Dated:        July 30, 2021        E: mshango@sewardhenderson.com

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

**MARTEZE HALIBURTON,**

     Plaintiff,

v.

**CITY OF FERNDALE,** a Michigan
Municipal Corporation, d/b/a **FERNDALE
POLICE DEPARTMENT, BRANDON
SZCZESNIAK, JUSTIN HARWOOD,
KEVIN JEROME,** and **NATHAN
BODENDORFER,** in their individual and
official capacities,

     Defendants.

Case No. 2:21-cv-10864
Hon. Terrence G. Berg
Mag. Judge Anthony P. Patti

## BRIEF IN SUPPORT OF
## DEFENDANTS' MOTION FOR JUDGMENT ON THE PLEADINGS

# TABLE OF CONTENTS

Table of Contents ........................................................................................... ii

Index of Authorities ....................................................................................... iii

Statement of the Issues................................................................................. vii

Most Controlling Authorities ........................................................................ ix

Introduction ....................................................................................................1

Statement of the Allegations ..........................................................................1

Standard of Review.........................................................................................3

Law and Analysis ...........................................................................................4

   I.   Federal Pleading Standards:  Plaintiff Failed to Plead Sufficient Factual Matter ...........................................................................................................4

     A.  Application - No Factual Allegations Support Plaintiff's Claims Against the Three Non-Searching Officers........................................................5

     B.  Application - Plaintiff Does Not Plead Sufficient Facts with Respect to Municipality Liability ...........................................................................9

   II.  Plaintiff's Suit Against the City of Ferndale Precludes Suit Against the Defendant Officers in their Official Capacities. ...................................................10

   III.   Defendants Are Entitled to Qualified Immunity Because They Did Not Violate Clearly Established Law Nor Plaintiff's Constitutional Right(s). ..........12

   IV.   Plaintiff's Facts Do Not Substantiate a Fourteenth Amendment Equal Protection Violation. ........................................................................................15

   V.  Plaintiff's 42 U.S.C. § 1985 Claim is Barred by Law....................................17

Conclusion ...................................................................................................18

# INDEX OF AUTHORITIES

**Cases**

*Ashcroft v. al-Kidd*,
  563 U.S. 731 (2011) ............................................................ vii

*Ashcroft v. Iqbal*,
  556 U.S. 662 (2009) ............................................... vii, 3, 5, 17

*Ashford v. Raby*,
  951 F.3d 798 (6th Cir. 2020) ...............................................4

*Bell Atl. Corp. v. Twombly*,
  550 U.S. 544 (2007) .................................................. vii, 3, 4

*Berry v. City of Detroit*,
  25 F.3d 1342 (6th Cir. 1994) ...............................................9

*Cherrington v. Skeeter*,
  344 F.3d 631 (6th Cir. 2003) ..............................................14

*Chillemi v. Town of Southampton*,
  943 F. Supp. 2d 365 (E.D.N.Y. 2013) ....................................18

*City of Cleveland, Ohio v. Jackson*,
  140 S. Ct. 855, 205 L. Ed. 2d 460 (2020)......................... vii, 18

*Columbia Nat. Res., Inc. v. Tatum*,
  58 F.3d 1101 (6th Cir. 1995) .............................................. vii

*Commercial Money Ctr., Inc. v. Illinois Union Ins. Co.*,
  508 F.3d 327 (6th Cir. 2007) ..............................................3

*Courser v. Allard*,
  969 F.3d 604 (6th Cir. 2020) ..............................................15

*Ctr. for Bio–Ethical Reform, Inc. v. Napolitano*,
   648 F.3d 365 (6th Cir. 2011) ........................................................... viii, 15

*D'Ambrosio v. Marino*,
   747 F.3d 378 (6th Cir. 2014) ................................................................10

*Daniels v. City of Wyoming*,
   No. 17-3133, 2017 WL 7661477 (6th Cir. Oct. 5, 2017) .....................16

*Doe v. Claiborne Cty., Tenn. By & Through Claiborne Cty. Bd. of Educ.*,
   103 F.3d 495 (6th Cir. 1996) ................................................................11

*Dubay v. Wells*,
   506 F.3d 422 (6th Cir. 2007) ................................................................15

*Fazica v. Jordan*,
   926 F.3d 283 (6th Cir. 2019) ...........................................................8, 14

*Frazier v. Michigan*,
   41 F. App'x 762 (6th Cir. 2002) .............................................................5

*Gordon v. Bierenga*,
   No. 18-CV-13834, 2019 WL 2205853 (E.D. Mich. May 22, 2019) ...............9, 10

*Hafer v. Melo*,
   502 U.S. 21 (1991) ...............................................................................11

*Harlow v. Fitzgerald*,
   457 U.S. 800 (1982) ..........................................................................4, 12

*Jackson v. City of Cleveland*,
   925 F.3d 793 (6th Cir. 2019) ........................................................ vii, 18

*Jackson v. Pro. Radiology Inc.*,
   864 F.3d 463 (6th Cir. 2017) .................................................................3

*Kentucky v. Graham,*
   473 U.S. 159 (1985)........................................................................11

*Knox v. Cnty. of Ulster,*
   No. 11 Civ 0112, 2013 WL 286282 (N.D.N.Y. Jan. 24, 2013)...........18

*Lanman v. Hinson,*
   529 F.3d 673 (6th Cir. 2008) ....................................................... 4, 8, 14

*Livermore v. Lubelan,*
   476 F. 3d 397 (6th Cir. 2007) ........................................................12

*Monell v. Dep't of Soc. Servs.,*
   436 U.S. 658 (1978)..................................................................... vii, 9

*Mullins v. Cyranek,*
   805 F.3d 760 (6th Cir. 2015) ....................................................... vii, 12

*New Albany Tractor, Inc. v. Louisville Tractor, Inc.,*
   650 F.3d 1046 (6th Cir. 2011) ..........................................................5

*Pearson v. Callahan,*
   555 U.S. 223 (2009)..........................................................................4

*Reichle v. Howards,*
   566 U.S. 658 (2012)........................................................................12

*S.E.C. v. Jorissen,*
   470 F. Supp. 2d 764 (E.D. Mich. 2007) .............................................3

*Saucier v. Katz,*
   533 U.S. 194 (2001)..........................................................................4

*Taylor v. Barkes,*
   575 U.S. 822 (2015)........................................................................12

*Vittetoe v. Blount Cty., Tennessee,*

No. 20-6126, 2021 WL 2472357 (6th Cir. June 17, 2021) ..................................11

**Statutes**

42 U.S.C. § 1983 ....................................................................................................10

42 USC § 1985 ....................................................................................................7, 17

**Rules**

Fed. R. Civ. P. 12(c)...............................................................................................3

**Treatises**

5C Charles A. Wright & Arthur R. Miller, *Federal Practice and Procedure* § 1367
(3rd Ed. 2004) ....................................................................................................3

**Constitutional Provisions**

U.S. Const. amend. XIV, §§ 1, 5 ..........................................................................15

## STATEMENT OF THE ISSUES

1. Whether Plaintiff failed to adequately plead a Fourth Amendment claim against Defendants?

Defendants' answer:                    "*Yes*."

Plaintiff presumably answers:          "*No*."


2. Whether the Defendant officers are entitled to qualified immunity because they did not violate Plaintiff's clearly established constitutional rights?

Defendants' answer:                    "*Yes*."

Plaintiff presumably answers:          "*No*."


3. Whether Plaintiff failed to plead facts illustrating that the alleged constitutional violations were the result of policy or custom of the City of Ferndale and therefore fails to state a claim upon which relief may be granted against the City of Ferndale?

Defendants' answer:                    "*Yes*."

Plaintiff presumably answers:          "*No*."


4. Whether Plaintiff failed to bring forward a proper claim for conspiracy under 42 U.S.C. § 1985 because Plaintiff fails to establish a conspiracy of two legally distinct persons?

Defendants' answer:                    "*Yes*."

Plaintiff presumably answers:          "*No*."

5. Whether Plaintiff failed to factually support a Fourteenth Amendment claim?

Defendants' answer:                    "*Yes*."

Plaintiff presumably answers:          "*No*."

# MOST CONTROLLING AUTHORITIES

1. Federal Rule of Civil Procedure 8 requires more than the mere recitation of the elements. *Bell Atl. Corp. v. Twombly*, 550 U.S. 544 (2007). The plaintiff must have "sufficient factual matter" to support its claim. *Ashcroft v. Iqbal,* 556 U.S. 662, 678 (2009). A claim cannot be possible, it must be plausible. *Id.* "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id*. A complaint should be dismissed if it does not contain viable legal theories. *Columbia Nat. Res., Inc. v. Tatum*, 58 F.3d 1101, 1109 (6th Cir. 1995).

2. Qualified immunity provides police officers breathing room to make reasonable but mistaken judgments and protects all but the plainly incompetent or those who knowingly violate the law." *Mullins v. Cyranek,* 805 F.3d 760, 762 (6th Cir. 2015). Qualified immunity "shields federal and state officials from money damages unless a plaintiff pleads facts showing: (1) that the official violated a statutory or constitutional right, and (2) that the right was clearly established at the time of the challenged conduct." *Ashcroft v. al-Kidd*, 563 U.S. 731 (2011).

3. A municipality is liable for an officer's actions only when: (1) a plaintiff establishes the officer violated his or her constitutional right, and (2) that violation resulted from an official municipal policy, an unofficial custom, or if the municipality was deliberately indifferent to training or supervising the officer. *Monell v. Dep't of Soc. Servs.*, 436 U.S. 658 (1978).

4. Under the intracorporate immunity doctrine, if all defendants are members of the same collective entity, there are not two separate people to form a conspiracy. *Jackson v. City of Cleveland*, 925 F.3d 793 (6th Cir. 2019), *cert. denied sub nom. City of Cleveland, Ohio v. Jackson*, 140 S. Ct. 855, 205 L. Ed. 2d 460 (2020).

5. A violation of equal protection requires allegations and evidence of disparate treatment. *Ctr. for Bio–Ethical Reform, Inc. v. Napolitano*, 648 F.3d 365, 379 (6th Cir. 2011).

## INTRODUCTION

Plaintiff alleges Fourth and Fourteenth Amendment violations arising out of search, arrest, and detention by Ferndale police officers. Plaintiff was searched by Defendant Officer Jerome. The City of Ferndale and the other three non-searching Officers Szczesniak, Harwood, and Bodendorfer are mentioned only in transient allegations of the Complaint. Federal Rule of Civil Procedure 8 requires that a complaint must cross the line of possibility and enter in the realm of plausibility with respect to the claims asserted. Moreover, Federal Rule of Civil Procedure 8 prohibits legal conclusions of possibility. Since there are only conclusions (and not sufficient facts) naming the City of Ferndale, nor the non-searching officers, these four Defendants should be dismissed from the action.

## STATEMENT OF THE ALLEGATIONS

On or about May 1, 2019, Plaintiff was a front-seat passenger of a KIA Sorento driven by his friend, Deon Frazier. [ECF No.1, PageID.4, ¶15]. A Ferndale police officer, Defendant Officer Kevin Jerome ("Officer Jerome"), conducted a traffic stop of the KIA at a well-lit/high-traffic Meijer gas station on 8 Mile Road in the City of Detroit. [ECF No.1, PageID.4-5, ¶16-18]. Officer Jerome asked questions which the Plaintiff and Mr. Frazier answered. [ECF No.1, PageID.5, ¶19-20]. After questioning, "Defendant Jerome then turned his attention to Plaintiff and conducted a search of Plaintiff where Defendant Jerome fondled Plaintiff's

Case 2:21-cv-10864-TGB-APP   ECF No. 13, PageID.70   Filed 07/30/21   Page 14 of 31

crotch." [ECF No.1, PageID.5, ¶22]. Officer Jerome called for backup and "five uniformed FPD officers in at least three fully marked squad cars" arrived. [ECF No.1, PageID.5, ¶24]. Officer Jerome and "all the officers…. were white." [ECF No.1, PageID.5, ¶25]. Further, Plaintiff states: "one of the motivating factors for Defendants' unconstitutional actions toward Plaintiff was his race…" [ECF No.1, PageID.9, ¶49]. Officer Jerome, in the vicinity of the non-searching officers at the scene, allegedly ordered Plaintiff to bend over and inserted his finger(s) directly into Plaintiff's rectum to search for contraband. [ECF No.1, PageID.6, ¶27]. Officer Jerome "manhandled" Plaintiff. [ECF No.1, PageID.8, ¶40]. The contraband found on Plaintiff by Officer Jerome led to his arrest and detention. [ECF No.1, PageID.6, ¶30]. All charges brought forward against Plaintiff resulting from Officer Jerome's search were dismissed in state court on grounds the search was unlawful. [ECF No.1, PageID.6, ¶32]. Plaintiff brought forward claims in violation of Plaintiff's Fourth Amendment and Fourteenth Amendment Equal Protection Rights. The Complaint places an emphasis that the Officers were White males, and the Plaintiff passenger and driver are African American males. No other reference to race is made in any allegation. The Complaint sues Defendants in their individual and official capacities.

## Standard of Review

Federal Rule of Civil Procedure 12(c) allows a party to move for judgement on the pleadings "[a]fter the pleadings are closed – but early enough not to delay trial." Fed. R. Civ. P. 12(c). If a motion under Federal Rule of Civil Procedure 12(c) "alleges a defect in the pleadings described in any of Rules 12(b)(1), (2), (6), or (7), it is to be treated as a motion brought under the applicable 12(b) rule." *S.E.C. v. Jorissen,* 470 F. Supp. 2d 764, 769 (E.D. Mich. 2007) (citing 5C Charles A. Wright & Arthur R. Miller, *Federal Practice and Procedure* § 1367 (3rd Ed. 2004)). The court "need not accept as true legal conclusions or unwarranted factual inferences." *Jackson v. Pro. Radiology Inc.,* 864 F.3d 463, 465-66 (6th Cir. 2017).

Only a complaint's well pled facts, not legal conclusions, shall be accepted as true. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). These facts must be enough to supersede the "speculative level." *Bell Atl. Corp. v. Twombly,* 550 U.S. 544, 545 (2007). A complaint must allege all material elements of a "viable legal theory" to be sufficient. *Commercial Money Ctr., Inc. v. Illinois Union Ins. Co.,* 508 F.3d 327, 336 (6th Cir. 2007). If the court determines that plaintiff failed to plead "enough facts to state a claim to relief that is plausible on its face," the court must grant the moving party judgment as a matter of law. *Twombly,* 550 U.S. at 570.

Qualified immunity protects state actors from liability in "hazy border" situations where it is difficult to distinguish acceptable conduct from unreasonable

3

conduct. *Saucier v. Katz,* 533 U.S. 194, 206 (2001). Moreover, Plaintiff is required to establish the defendant government official is not entitled to qualified immunity once the defense is pled. *Ashford v. Raby,* 951 F.3d 798, 801 (6th Cir. 2020). The protection applies whether the error is a mistake of fact, law or both. *Pearson v. Callahan,* 555 U.S. 223, 231 (2009). Qualified immunity is the threshold inquiry that must be resolved before discovery commences in litigation. *Harlow v. Fitzgerald,* 457 U.S. 800, 818 (1982). Further, the importance of resolving immunity requests should be at the earliest possible stage in litigation. *Hunter v. Bryant,* 502 U.S. 224, 227 (1991).

## LAW AND ANALYSIS

### I.   FEDERAL PLEADING STANDARDS:  PLAINTIFF FAILED TO PLEAD SUFFICIENT FACTUAL MATTER

When deciding a motion to dismiss a two-prong approach should be employed. First, the Court should accept only the factual allegations as true and ignore legal conclusions asserted. *Ashcroft v. Iqbal,* 556 U.S. 662, 679 (2009). Then, the remaining factual allegations must allow the court "to draw the reasonable inference that the defendant is liable." *Id.* at 663. A complaint should allege particular facts demonstrating what defendant did to violate each of the rights at issue. *Lanman v. Hinson,* 529 F.3d 673, 684 (6th Cir. 2008). To satisfy Rule 8's pleading requirements, a complaint must do more than merely recite elements of a cause of action. *Twombly.,* 550 U.S. at 555. A complaint must cross

the line of possibility and enter the realm of plausibility. *Iqbal,* 556 U.S. at 678-679. A complaint has facial plausibility when the plaintiff pleads factual content allowing the court to draw the reasonable inference the defendant is liable for the misconduct alleged. *Id.* at 679. Finally, a complaint must be sufficiently supported without the aid of discovery. *Id.* at 686. A party is not entitled to discovery if their complaint is deficient under Rule 8. *Id. Iqbal* and *Twombly* require the plaintiff to have a greater knowledge of factual details to draft a plausible complaint, and plaintiff is precluded from using the discovery process to obtain these facts after filing suit. *New Albany Tractor, Inc. v. Louisville Tractor, Inc.,* 650 F.3d 1046, 1051 (6th Cir. 2011). The Sixth Circuit plainly stated that "[t]he language of *Iqbal,* 'not entitled to discovery,' is binding on lower federal courts." *Id.*

### A. Application - No Factual Allegations Support Plaintiff's Claims Against the Three Non-Searching Officers

Plaintiff's allegations with respect to the City of Ferndale, Officers Szczesniak, Harwood, and Bodendorfer are legal conclusions disallowed by Federal Rule of Civil Procedure 8 because no facts pled speak to these Defendants' conduct. Within the Sixth Circuit, the pleading standard has been interpreted to require at least some specificity as to an individual defendant's personal involvement. *Frazier v. Michigan*, 41 F. App'x 762, 764 (6th Cir. 2002). Here, no mention of the City or the officers' personal involvement is included. The primary factual matter alleged against the non-searching officers include:

- Defendant City of Ferndale, Officers Brandon Szczesniak, Justin Harwood, and Nathan Bodendorfer engaged in an unlawful public cavity search conducted by Defendant Kevin Jerome of Plaintiff. [ECF No.1, PageID.2, ¶1].

- The individual and collective actions by the Defendants were intentional, patently unreasonable, unconstitutional and in furtherance of an unconstitutional policy or custom overstepping and ignoring citizens' constitutional guarantees and/or harassing, targeting, stereotyping, prejudging, demeaning, humiliating, and discriminating against Plaintiff and other minorities simply because of their race and/or tolerated by the City. [ECF No.1, PageID.2-3, ¶1].

- At all times, Plaintiff's constitutional rights were clearly established and known by the individual Defendants to be so and are therefore not entitled to qualified immunity. [ECF No.1, PageID.3, ¶1] and [ECF No.1, PageID.4, ¶11].

- The individual Defendants are being sued in their individual capacity. [ECF No.1, PageID.4, ¶10].

- Defendants' individual conduct described in the complaint were willful, intentional, reckless, and showed a deliberate indifference and blatant

disregard of Plaintiff's deliberately guaranteed rights a citizen. [ECF No.1, PageID.7, ¶33]

- Defendant City of Ferndale as a matter of practice, policy, and custom has, with deliberate indifference failed to train, sanction or discipline officers including the Defendant officers in this case who conceal violations of constitutional rights of citizens by other police and therefore encourage police officers to engage in unlawful or unconstitutional conduct, and acquiesced, condoned, approved, and ratified the unconstitutional conduct of Defendant police officers. [ECF No.1, PageID.7, ¶34] [ECF No.1, PageID.8, ¶44-45] [ECF No.1, PageID.10, ¶51-52].

- The individual Defendants conspired to deprive Plaintiff of his constitutional rights in violation of 42 USC § 1985 and/or failed to intervene when Defendant Jerome violated Plaintiff's federal guaranteed rights and acquiesced, condoned, approved, and ratified the unconstitutional conduct of Defendant police officers. [ECF No.1, PageID.8, ¶43].

- One of the motivating factors for Defendant's unconstitutional actions toward Plaintiff was his race in violation of *Equal Protection Clause*

contained in the *Fourteenth Amendment,* which would not have happened had Plaintiff been white. [ECF No.1, PageID.9-10, ¶49-50].

An officer's individual conduct must be identified because the officer's liability depends on his individual actions, and not those of someone else. *Fazica v. Jordan*, 926 F.3d 283, 289 (6th Cir. 2019). Here, the facts allege the searching Officer Jerome conducted an unlawful cavity search, however, with respect to the non-searching officers and municipality, the Complaint only states they were conspirators who acted deliberately, intentionally, unreasonably, and unconstitutionally alongside Officer Jerome. The corroborating facts to this assertion are missing. Further, Plaintiff only alleges that five white officers arrived on the scene after being summoned by Officer Jerome. [ECF No.1, PageID.5, ¶24-25]. Put simply, Plaintiff alleges the non-searching officers worked on duty as Ferndale police officers with Officer Jerome. A governmental official must be given some notice of their specific conduct that violated a plaintiff's rights. *Lanman,* 529 F.3d at 686-87 (explaining how plaintiff had only alleged specific conduct as to some defendants and those whose conduct was not described were entitled to dismissal). Plaintiff's factual allegations with respect to the three non-searching officers and the municipality do not give notice of their specific conduct that violated Plaintiff's rights, and therefore do not meet the requisite pleading standards set forth in Rule 12(b).

### B. Application - Plaintiff Does Not Plead Sufficient Facts with Respect to Municipality Liability

A municipality's liability is determined under a two part test taken from *Monell v. Dep't of Soc. Servs.*, 436 U.S. 658 (1978). A municipality is liable for an officer's actions only when: (1) a plaintiff establishes the officer violated his or her constitutional right, and (2) that violation resulted from an official municipal policy, an unofficial custom, or if the municipality is deliberately indifferent in a failure to train or supervise the officer. *Id.* Municipal liability under § 1983 for the actions of employees may not be based on theory of *respondeant superior*. *Berry v. City of Detroit*, 25 F.3d 1342 (6th Cir. 1994).

Here, Plaintiff fails the two-part *Monell* test. Even if Plaintiff's constitutional rights were violated there are no facts alleging such violation is the characteristic or routine pattern of misconduct by Ferndale police officers or City of Ferndale, which is the threshold to withstand a *Monell* claim. In *Gordon v. Bierenga*, No. 18-CV-13834, 2019 WL 2205853, *1 (E.D. Mich. May 22, 2019), a plaintiff sued the City of Royal Oak and its police officers for the shooting of her husband. The City argued the Complaint was deficient and could not support a *Monell* claim premised on several theories the city failed to train or supervise its officers. *Id.* at *2. The Court ruled:

> The Court cannot identify any properly pleaded facts that, when assumed to be true, would state a Monell claim under a failure to train theory, or any other theory. Plaintiff claims that "Defendant Royal

Oak, through its policies, procedures, regulations, or customs, or lack thereof" violated his rights. [ ] She then lists thirteen ways in which the City is liable, including "failing to properly train[,] to enact or provide training[,] to adequately monitor[,] to have proper policies[,] to supervise," and, finally, through other "acts and omissions which may be learned through the course of discovery." [ ] **But this is a list of bare legal recitals and conclusions. There are no concrete factual allegations of other instances of excessive, much less lethal force that plead or even support an inference of a pattern of unconstitutional conduct. Neither is there any mention of what, if any, training exists regarding the use of force.** Because the additional allegations are merely conclusory and do not state a claim, permitting leave to amend this claim is futile.

*Id*. at *3 (emphasis added). A municipality is liable under § 1983 only where, through its deliberate conduct, it was the moving force behind the injury alleged. 42 U.S.C. § 1983; *D'Ambrosio v. Marino*, 747 F.3d 378 (6th Cir. 2014). Plaintiff omits factual allegations illustrating the "moving force" behind the injury alleged. Plaintiff cites no facts showing any Ferndale officer committing an unconstitutional body cavity search in the past. Plaintiff cites no facts showing a lack of training of Ferndale police officers. Plaintiff lacks factual allegations corroborating the legal conclusion that the City of Ferndale regularly violates a person's constitutional rights. In sum, Plaintiff's allegations against the City of Ferndale fail federal pleading standards as well as the *Monell* test.

## II. PLAINTIFF'S SUIT AGAINST THE CITY OF FERNDALE PRECLUDES SUIT AGAINST THE DEFENDANT OFFICERS IN THEIR OFFICIAL CAPACITIES.

A suit filed against the officers in their official capacities is a suit against the City of Ferndale. Official-capacity suits are treated as suits against the applicable

governmental entity. *Hafer v. Melo*, 502 U.S. 21, 25 (1991). Personal-capacity civil rights suits seek to impose personal liability on a government official for actions he takes under color of state law; in contrast, official-capacity suits generally represent only another way of pleading an action against the entity of which the officer is an agent. *Kentucky v. Graham,* 473 U.S. 159 (1985). If the governmental entity receives notice and an opportunity to respond, an official-capacity suit is, in all respects other than name, to be treated as a suit against the entity and not as a suit against the official personally, for the real party in interest is the entity. *Id.*

Here, while Plaintiff alleges the individual Defendants are being sued in their individual capacity [ECF No.1, PageID.4, ¶10], the caption says the defendants are being sued in the individual and official capacities. To the extent an official capacity claim exists as to the individual officers, the Court in *Doe v. Claiborne Cty., Tenn. By & Through Claiborne Cty. Bd. of Educ.,* 103 F.3d 495 (6th Cir. 1996) dismissed a Plaintiff's official capacity claims against school officials as duplicative of claims against the county. Similarly, in *Vittetoe v. Blount Cty., Tennessee*, No. 20-6126, 2021 WL 2472357 (6th Cir. June 17, 2021), a mother brought suit against an on-duty intake officer, the County, and the County Sheriff when her son died from drug and alcohol intoxication after spending the night in jail, however, her claims were dismissed by the Sixth Circuit because the

mother's official-capacity claims against the Sheriff were equivalent to those against the County. Here, the Plaintiff sued the City of Ferndale, therefore, any claim against the Defendant officers in their official capacities should be dismissed.

### III.   DEFENDANTS ARE ENTITLED TO QUALIFIED IMMUNITY BECAUSE THEY DID NOT VIOLATE CLEARLY ESTABLISHED LAW NOR PLAINTIFF'S CONSTITUTIONAL RIGHT(S).

When a defendant raises the defense of qualified immunity, the plaintiff bears the burden of demonstrating the defendant is not entitled to it. *Livermore v. Lubelan,* 476 F. 3d 397, 403 (6th Cir. 2007). The Doctrine of Qualified Immunity is a branch of official immunity insulating government officials from liability arising out of discretionary actions unless their conduct violates a clearly established statutory or constitutional law. "Qualified immunity provides police officers breathing room to make reasonable but mistaken judgments and protects all but the plainly incompetent or those who knowingly violate the law." *Mullins v. Cyranek*, 805 F.3d 760, 762 (6th Cir. 2015) (cleaned up and omitting internal quotations and citations). Qualified immunity protects government officials from liability to the extent their conduct does not violate clearly established statutory or constitutional rights. *Taylor v. Barkes,* 575 U.S. 822, 825 (2015) (quoting *Reichle v. Howards*, 566 U.S. 658, 664 (2012)); *Harlow v. Fitzgerald*, 457 U.S. 800, 818 (1982). Qualified immunity "shields federal and state officials from money damages unless

a plaintiff pleads facts showing: (1) that the official violated a statutory or constitutional right, and (2) that the right was clearly established at the time of the challenged conduct." *Ashcroft v. al-Kidd,* 563 U.S. 731, 131 S. Ct. 2074, 179 L. Ed. 2d 1149 (2011). Finally, *Pearson v. Callahan*, 555 U.S. 223, 129 S. Ct. 808, 172 L. Ed. 2d 565 (2009), evolved this rule when it allowed district and circuit court judges the freedom to determine which prong of the immunity analysis to address first. *Id.*

Plaintiff does not allege facts contending the non-searching officers violated his constitutional rights. The allegations state the non-searching officers were called onto the scene, arrived, and stood in the vicinity of Officer Jerome. More specifically, the allegations against the non-searching officer state:

- Defendant Jerome called for back-up and at least five white uniformed FPD officers in at least three fully marked squad cars arrived. [ECF No.1, PageID.5, ¶24-25].

- These Officers surrounded Officer Jerome during Officer Jerome's search of Plaintiff's rectum for contraband. [ECF No.1, PageID.6, ¶27].

- The conduct of the individual Defendants was willful, intentional, reckless, and showed a deliberate indifference and blatant disregard of Plaintiff's federally guaranteed rights as a citizen. [ECF No.1, PageID.7, ¶33].

- The Defendants' actions were intentional, deliberate, and further showed a reckless disregard and/or callous indifference for the constitutional rights of Plaintiff. [ECF No.1, PageID.8, ¶42].

- The individual Defendants conspired to deprive Plaintiff of his constitutional rights nor intervened during the public cavity search. [ECF No.1, PageID.8, ¶43].

- One motivating factor for Defendant's unconstitutional actions toward Plaintiff was his race. [ECF No.1, PageID.9, ¶49].

A complaint should allege particular facts demonstrating what a defendant did to violate each of the rights at issue. *Lanman,* at 684. Plaintiff's particular facts state the non-searching officers were called and arrived on the scene. Their presence on the scene, even during the alleged constitutional violation of Plaintiff by Defendant Jerome does not expose them to liability because the non-searching officers' liability depends on their own action, not the actions of another officer. *Fazica*, 926 F.3d at 289. Since Plaintiff does not allege facts telling of the individual actions of each non-searching officers, these governmental officials were not provided some notice of their specific conduct that violated Plaintiff's rights (see *Lanman,* 529 F.3d at 686-87), therefore, no constitutional violation may be attributed to them making prong two of the qualified immunity analysis unnecessary. *Cherrington v. Skeeter*, 344 F.3d 631 (6th Cir. 2003) (holding that if

14

no constitutional right would have been violated were the allegations established, there is no necessity for further inquiries concerning qualified immunity).

## IV. PLAINTIFF'S FACTS DO NOT SUBSTANTIATE A FOURTEENTH AMENDMENT EQUAL PROTECTION VIOLATION.

The Fourteenth Amendment provides that no state (or governmental entity) shall make or enforce laws that deny any person within its jurisdiction equal protection of the laws. U.S. Const. amend. XIV, §§ 1, 5. A violation of equal protection requires allegations and evidence of disparate treatment. *Ctr. for Bio–Ethical Reform, Inc. v. Napolitano*, 648 F.3d 365, 379 (6th Cir. 2011). Allegations of disparate treatment are a "threshold requirement" for equal protections claims. *Id.* The Equal Protection Clause of the Fourteenth Amendment is essentially a direction that all persons similarly situated should be treated alike. U.S. Const. amend. XIV; *Dubay v. Wells*, 506 F.3d 422 (6th Cir. 2007). To state a claim for a violation of equal protection, the plaintiff must plausibly allege that the government treated the plaintiff disparately as compared to similarly situated persons and that such disparate treatment either burdens a fundamental right, targets a suspect class, or has no rational basis. U.S. Const. amend. XIV; *Courser v. Allard*, 969 F.3d 604 (6th Cir. 2020). Allegations of disparate treatment are a "threshold requirement" for equal protections claims. *Ctr. for Bio–Ethical Reform*, 648 F.3d at 379. To cross this threshold in a claim based on racial discrimination, a plaintiff must allege that individuals of a different race were treated differently

15

than the plaintiff. *Daniels v. City of Wyoming*, No. 17-3133, 2017 WL 7661477, at *3 (6th Cir. Oct. 5, 2017). In *Daniels*, the plaintiff alleged that he was stopped for a traffic violation because he was black, but his claim was dismissed because he did not allege any facts to show that white individuals were treated more favorably. *Id.*

Here, Plaintiff alleges an equal protection violation on account of his African American race. However, the allegations fall short and do not allow the reasonable inference that a similarly situated person would be treated differently. Plaintiff states:

- The individual and collective actions by the Defendants were intentional, patently unreasonable, unconstitutional and in furtherance of an unconstitutional policy or custom overstepping and ignoring citizens' constitutional guarantees and/or harassing, targeting, stereotyping, prejudging, demeaning, humiliating, and discriminating against Plaintiff and other minorities simply because of their race and/or tolerated by the City. [ECF No.1, PageID.3, ¶1].

- The individual Defendants acted under the color of law, intentionally, willfully, recklessly and with deliberate indifference to Plaintiff's federally guaranteed rights as a citizen. [ECF No.1, PageID.7, ¶33]

- Defendant Jerome called for back-up and at least five white uniformed FPD officers in at least 4 fully marked squad cars arrived at the Meijer gas

16

station, and Officer Jerome conducted a cavity search of Plaintiff while surrounded by the backup officers. [ECF No. 1, PageID.5, ¶24-27].

- One of the motivating factors for Defendant's unconstitutional actions toward Plaintiff was his race in violation of *Equal Protection Clause* contained in the *Fourteenth Amendment,* which would not have happened had Plaintiff been white. [ECF No.1, PageID.9-10, ¶49-50].

Plaintiff cannot sustain his race-based equal protection claim without allegations that individuals of a different race were treated differently than Plaintiff. Since the facts are immeasurably lacking, the Fourteenth Amendment violation claim is nothing more than a legal conclusion prohibited by the pleading standard set forth in *Iqbal*, 556 U.S. 662.

## V. PLAINTIFF'S 42 U.S.C. § 1985 CLAIM IS BARRED BY LAW

42 U.S.C. § 1985(c) prohibits two or more persons from conspiring for the purpose of directly or indirectly depriving any person or class of persons the equal protection of the laws, or of equal privileges and immunities under the laws. Under the intracorporate conspiracy doctrine, acts of corporate agents are attributed to the corporation itself, thereby negating the multiplicity of actors necessary for the formation of a conspiracy so that agents of a governmental entity, when acting in the scope of their employment, cannot conspire among themselves. *Jackson v. City of Cleveland*, 925 F.3d 793 (6th Cir. 2019), *cert. denied sub nom. City of*

17

*Cleveland, Ohio v. Jackson,* 140 S. Ct. 855, 205 L. Ed. 2d 460 (2020). "Vague and conclusory allegations that defendants entered into an unlawful agreement will not suffice to state a claim under § 1985(3)." *Knox v. Cnty. of Ulster,* No. 11 Civ. 0112, 2013 WL 286282, at 7 (N.D.N.Y. Jan. 24, 2013). *Chillemi v. Town of Southampton*, 943 F. Supp. 2d 365, 382 (E.D.N.Y. 2013). The intracorporate conspiracy doctrine states that if all the defendants are members of the same collective entity, there are not two separate "people" to form a conspiracy. *Jackson,* 925 F.3d *at* 818.

Here, Plaintiff cannot bring a conspiracy claim because the only fact of the Complaint pertaining to all the officers working together was literally the officers working together when Officer Jerome called them for additional help. All individuals are employees of the same entity, the City of Ferndale. As such, the conspiracy claim should be dismissed against Defendants.

## CONCLUSION

Qualified immunity shields the non-searching officers from liability, and with the facts alleged, Plaintiff failed to meet his burden to plead factually and legally viable claims against these officers. Similarly, Defendant City of Ferndale is immune from suit because the complaint does not allege facts corroborating the claim this municipality has custom or policy directing the alleged misconduct. Pursuant to Federal Rule of Civil Procedure 12(c), this suit should be dismissed

with respect to Officers Szczesniak, Harwood, Bodendorfer, and the City of Ferndale.

                Respectfully Submitted,

                **SEWARD HENDERSON PLLC**
                /s/Michelle M. Shango
                *Attorneys for Defendants*
                210 E. 3rd Street, Suite 212
                Royal Oak, MI 48067
                P:  248-733-3580
                F:  248-733-3633
Dated:      July 30, 2021      E: mshango@sewardhenderson.com

## PROOF OF SERVICE

    I hereby certify that on **Friday, July 30, 2021**, I electronically filed the foregoing document with the Clerk of the court using the ECF system, which will send notification to the following: ***All Parties and Attorneys of Record.***

                /s/ Kali M. L. Henderson
                **SEWARD HENDERSON PLLC**
                210 East 3rd Street, Suite 212
                Royal Oak, MI 48067
                T: (248) 733-3580
                F: (248) 733-3633
                E: khenderson@sewardhenderson.com